IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA           :

        -v-                              :       06-CR-338-A
                                                                                04-CR-305-A

MICHAEL J. CULLIGAN,                :

              Defendants.       :

---

FILED JAN 11 2010 MICHAEL J. ROEMER, CLERK, WESTERN DISTRICT OF NY

**PLEA AGREEMENT**

The defendant, MICHAEL J. CULLIGAN, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.  THE PLEA AND POSSIBLE SENTENCE

1.  The defendant agrees to plead guilty to Count One of the Indictment pending at 06-CR-338-A which charges a violation of Title 18, United States Code, Section 371 (conspiracy to commit mail fraud under Title 18, United States Code, Section 1341) which carries a maximum possible sentence of a term of imprisonment of five (5) years, a fine of $250,000, or both, a mandatory $100 special assessment and a term of supervised release of up to three

(3) years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands and agrees pursuant to Sentencing Guidelines § 5E1.1 and Title 18, United States Code, Sections 3663(a)(3) and 3663A that the Court shall require restitution of approximately $345,275 to be paid as part of the sentence. The defendant understands that the restitution shall be a joint and several obligation with others who have been or may be adjudged guilty of the same relevant conduct.

3. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to two (2) years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in paragraph 1 of this agreement.

## II. ELEMENTS AND FACTUAL BASIS

4. The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime: that two or more persons entered into the unlawful agreement charged in the Indictment, that the defendant knowingly and willfully became a member of the conspiracy, that one of the members of the conspiracy committed at least one of the overt acts charged in the Indictment and that the overt act was committed to further some object of the conspiracy.

### FACTUAL BASIS

5. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

> In and about 1995 through 2000, the defendant, MICHAEL J. CULLIGAN (CULLIGAN), was the President of Mike Culligan Motors, Inc. (Mike Culligan Motors), a used car dealership located at 270 Abbott Road, Buffalo, New York. Among other duties, defendant CULLIGAN was involved in arranging financing for vehicles purchased by retail customers of Mike Culligan Motors and was involved in arranging trade-ins of vehicles to Mike Culligan Motors.
>
> During the 1995 through 2000 time period,

defendant CULLIGAN, together with John P. Lafferty (Lafferty), agreed to obtain money and property for the use of Mike Culligan Motors by a scheme and artifice to defraud by intentionally causing Mike Culligan Motors to take trade-ins of vehicles that were subject to prior lender's liens as if the liens were to be timely closed out by payment when they knew that the liens were not going to be timely closed out by payment. They also intentionally caused Mike Culligan Motors to sell and to arrange financing for vehicles priced as if the vehicles were free and clear of prior liens when they knew that the vehicles were actually worth much less because the vehicles were encumbered by prior liens.

In furtherance of this agreement of defendant CULLIGAN and Lafferty to obtain money and property by means of their scheme and artifice to defraud, on or about May 10, 1999, in Buffalo, New York, the defendant did seek to obtain a down payment and the trade-in of a 1996 Buick Regal in connection with the sale of a 1997 Olds Achieva (VIN No. 1G3NL52T5VM303633) by means of false and fraudulent pretenses, representations and promises he made to Donald J. Reid (Reid) regarding the value of the 1997 Olds Achieva when the defendant knew that the Olds Achieva was worth much less because it was encumbered by a lien of Sovereign Bank for a loan made to Mark D. Morgan that had not been closed out by payment. A loan was made to Reid by Wyoming County Bank (now Five Star Bank) to purchase the 1997 Olds Achieva from Mike Culligan Motors, and a payment book for installment payments on account of the loan of approximately $12,000 was delivered by United States mail to Reid at his address in Buffalo, New York. The mailing of the payment book permitted the scheme and artifice to defraud to be undetected. Reid made periodic loan payments to Wyoming County Bank on account of the loan for the 1997 Olds Achieva until he traded the Achieva in to Mike Culligan Motors for a 1998 Chevrolet Lumina. However, Mike Culligan Motors did not close out Reid's

Wyoming County Bank loan balance on the 1997 Olds Achieva with the money obtained for that purpose and Wyoming County Bank later attempted to collect the unpaid balance of the loan for the 1997 Olds Achieva from Reid, even though he had long since traded-in that vehicle to Mike Culligan Motors for the 1998 Chevrolet Lumina.

Defendant CULLIGAN also participated in executing and attempting to execute the scheme and artifice to defraud and related schemes that exposed victims to losses of approximately $345,275 for relevant conduct purposes.

### III. SENTENCING GUIDELINES

6. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984)(1998 edition).

### BASE OFFENSE LEVEL

7. The government and the defendant agree that Guidelines § 2F1.1(a) applies to the offense of conviction and provides for a base offense level of six (6).

### SPECIFIC OFFENSE CHARACTERISTICS
### USSG CHAPTER 2 ADJUSTMENTS

8. The government and the defendant agree that the following

specific offense characteristics apply:

> (a) § 2F1.1(b)(1)(I):  the total loss (including relevant conduct) was approximately $345,275 and thus there is an eight (8) offense level increase.
>
> (b) § 2F1.1(b)(2)(B):  the offense involved multiple victims and thus there is a two (2) offense level increase.

## USSG CHAPTER 3 ADJUSTMENTS

9. The government and the defendant agree that the following adjustments to the base offense level apply:

> The two (2) level upward adjustment of Guidelines § 3B1.1(c) for an aggravating role in the offense.

## ADJUSTED OFFENSE LEVEL

10. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 18.

## ACCEPTANCE OF RESPONSIBILITY

11. At sentencing, the government agrees not to oppose the recommendation that the Court apply the three (3) level downward

adjustment of Guidelines § 3E1.1(a) and (b) (acceptance of responsibility), which would result in a total offense level of 15.

### CRIMINAL HISTORY CATEGORY

12. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

### GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

13. It is the understanding of the government and the defendant that, with a total offense level of 15 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 18 to 24 months, a fine of $4,000 to $40,000, and a period of supervised release of two (2) to three (3) years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

14. The government and the defendant agree to correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

15. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

### IV. STATUTE OF LIMITATIONS

16. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the offenses charged in the Indictment which were not time barred as of the date of the

Indictment. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

**V. GOVERNMENT RIGHTS AND RESERVATIONS**

17. The defendant understands that the government has reserved the right to:

    a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

    b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

    c. advocate for a specific sentence including the amount of restitution and/or fine and the method of payment;

    d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor;

    e. oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

18. At sentencing, the government will move to dismiss the open counts of the Indictment in this action that charge the defendant and will move to dismiss the consolidated Superseding Indictment pending against the defendant at 04-CR-305-A.

19. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI.  APPEAL RIGHTS

20. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 13 above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the its right to argue the correctness of the defendant's sentence. The defendant further agrees not to appeal a restitution

order which does not exceed the amount set forth in Section I of this agreement.

21. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

22. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 13 above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII.  TOTAL AGREEMENT AND AFFIRMATIONS

23. This plea agreement represents the total agreement between the defendant, MICHAEL J. CULLIGAN, and the government. There are no promises made by anyone other than those contained in

this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

                                                  KATHLEEN M. MEHLTRETTER
                                                  United States Attorney
                                                  Western District of New York

BY: _____
       WILLIAM J. GILLMEISTER
       Assistant U.S. Attorney

Dated: January 11, 2010


I have read this agreement, which consists of 12 pages. I have had a full opportunity to discuss this agreement with my attorney, KIMBERLY A. SCHECHTER, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____     _____
MICHAEL J. CULLIGAN                         KIMBERLY A. SCHECHTER, Esq.
Defendant                                       Attorney for the Defendant

Dated: January 11, 2010               Dated: January 11, 2010